**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEGASUS AVIATION SERVICES, LLC; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RAOOF ABDUL SAYAD, an individual,



FILED
SUPERIOR C *FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2021 JUL 26 AM 11: 03

BRANDON E. RILEY, CLERK

DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:                                          STK-CV-*UNE*-2021- 7032
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, County of San Joaquin
180 E. Weber Avenue, Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John P. Briscoe (SBN: 273690); Mayall Hurley, P.C., 2453 Grand Canal Boulevard, Stockton, CA 95207; Tel: (209) 477/3833

| DATE:                           |                          | Clerk, by        |                | , Deputy |
|---------------------------------|--------------------------|------------------|----------------|----------|
| *(Fecha):* JUL 2 6 2021         | **BRANDON E. RILEY**     | *(Secretario)*   |                | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN JOAQUIN

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John P. Briscoe (SBN: 273690)<br>Mayall Hurley, P.C.<br>2453 Grand Canal Boulevard, Stockton, CA 95207 | **FILED**<br>SUPERIOR COURT - STOCKTON<br><br>2021 JUL 26 AM 11: 03<br><br>BRANDON E. RILEY, CLERK<br>*Demara Edwards*<br>DEP |

TELEPHONE NO.: (209) 477-3833        FAX NO. *(Optional):* (209) 473-4818
ATTORNEY FOR *(Name):* Plaintiff Raoof Abdul Sayad, an individual

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS: 180 E. Weber Avenue
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Civil

CASE NAME:
Sayad v. Pegasus Aviation Services, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | STK-CV-UOE-2021- 7032 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* FOURTEEN (14)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 22, 2021

John P. Briscoe
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

FILED
SUPERIOR COURT - STOCKTON

2021 JUL 26  AM 11: 04

BRANDON E. RILEY, CLERK

BY *Donna Edwards*
DEPUTY

1  MAYALL HURLEY P.C.
   **JOHN P. BRISCOE (SBN: 273690)**
2  jbriscoe@mayallaw.com
   2453 Grand Canal Boulevard
3  Stockton, California 95207-8253
   Telephone: (209) 477-3833
4  Facsimile: (209) 473-4818

5

6  Attorneys for Plaintiff Raoof Abdul Sayad

7                    **SUPERIOR COURT OF CALIFORNIA**

8            **IN AND FOR THE COUNTY OF SAN JOAQUIN**

9  RAOOF ABDUL SAYAD, an individual,       | Case No.   STK-CV-UOE-2021- 7032

10         Plaintiff,                        | **CLASS ACTION, REPRESENTATIVE, AND**
                                             | **INDIVIDUAL COMPLAINT**
11  vs.
                                             | 1.  **FAILURE TO PAY SICK LEAVE AT**
12  PEGASUS AVIATION SERVICES, LLC;          |     **CORRECT RATE (CLASS ACTION)**
    and DOES 1-100, inclusive,               | 2.  **FAILURE TO PROVIDE REST PERIODS**
13                                           |     **OR PAY PREMIUMS AT CORRECT RATE**
                                             |     **(CLASS ACTION)**
14         Defendants.                       | 3.  **FAILURE TO FURNISH ACCURATE**
                                             |     **ITEMIZED WAGE STATEMENTS (CLASS**
15                                           |     **ACTION**
                                             | 4.  **UNFAIR COMPETITION (CLASS ACTION)**
16                                           | 5.  **PRIVATE ATTORNEYS GENERAL ACT**
                                             | 6.  **DISABILITY DISCRIMINATION**
17                                           | 7.  **RETALIATION FOR OPPOSING**
                                             |     **DISCRIMINATION AND HARASSMENT**
18                                           | 8.  **RETALIATION FOR TAKING**
                                             |     **PROTECTED MEDICAL LEAVE**
19                                           | 9.  **RETALIATION FOR REQUESTING**
                                             |     **ACCOMMODATION FOR DISABILITY**
20                                           | 10. **RELIGIOUS CREED DISCRIMINATION**
                                             | 11. **FAILURE TO PREVENT**
21                                           |     **DISCRIMINATION AND RETALIATION**
                                             | 12. **FAILURE TO PAY OVERTIME AT**
22                                           |     **CORRECT RATE**
                                             | 13. **FAILURE TO PROVIDE MEAL PERIODS**
23                                           |     **OR PAY PREMIUMS AT CORRECT RATE**
                                             | 14. **FAILURE TO PAY ALL WAGES DUE**
24                                           |     **UPON END OF EMPLOYMENT**

25                                           | **JURY TRIAL DEMANDED**

26

27

28

1   Plaintiff Raoof Abdul Sayad brings this class, representative, and individual action against

2   Pegasus Aviation Services, LLC, a limited liability company; and Does 1 through 100, for violations

3   of the Labor Code and Government Code.

4   **PARTIES**

5   1.   Raoof Abdul Sayad ("Sayad" or "Plaintiff") is and at all times relevant herein was

6   employed in San Joaquin County, California, and was an "employee" as defined by the Fair

7   Employment and Housing Act ("FEHA"), as well as the Labor Code and the applicable California

8   Industrial Wage Commission ("IWC") Order(s).

9   2.   Pegasus Aviation Services, LLC ("Pegasus Aviation Services" or "Defendant") is an

10   Alaska limited liability company formed under the laws of that state.

11   3.   At all times relevant herein, Pegasus Aviation Services has been an "employer" under

12   the FEHA, as well as the Labor Code and the applicable California Industrial Wage Commission

13   ("IWC") Order(s).

14   4.   Pegasus Aviation Services and Does 1-100 are collectively referred to as Defendants.

15   5.   Plaintiff is not aware of the true names and capacities of the Defendants sued herein as

16   Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such

17   Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names

18   and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each

19   of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged

20   and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.

21   Unless otherwise indicated, each Defendant was acting within the course and scope of said agency

22   and/or employment, with the knowledge and/or consent of said co-Defendant.

23   6.   Plaintiff is informed and believes and thereupon alleges that at all times mentioned

24   herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

25   employee, partner and/or joint venturer of and was acting in concert with each of the remaining

26   Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting

27   within the course and scope of such agency, service, employment partnership, joint venture and/or

28

Class Action, Representative, and Individual Complaint
Page 2 of 24

1   concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and

2   within the course and scope of such agency and/or employment, with the knowledge and/or consent of

3   the remaining Defendants.

4   **VENUE AND JURY TRIAL DEMAND**

5       7.    Venue is proper in this court because the unlawful acts alleged herein took place in San

6   Joaquin County, California and Plaintiff's place of employment with Defendants was within San

7   Joaquin County. Plaintiff hereby demands a jury trial.

8   **GENERAL ALLEGATIONS**

9       8.    Sayad was hired by Pegasus Aviation Services on or around June 2, 2018 as an Aircraft

10   Maintenance Technician. At all times during his employment, Sayad's employment was at the Stockton

11   Airport in Stockton, California.

12       9.    At all times during his employment with Pegasus Aviation Services, Sayad performed

13   his job duties with distinction and never received any writeups or other discipline in connection with

14   his job performance.

15       10.    Sayad is a military veteran, and has knee and back disabilities in connection with his

16   prior military service. These disabilities sometimes limited Sayad's ability to perform every aspect of

17   his job duties, but he was generally accommodated by his coworkers.

18       11.    Shortly after Sayad's employment began, he was subjected to harassment by a coworker,

19   Scott (last name unknown). Sayad is a practicing Muslim and he was provided the accommodation of

20   being allowed short breaks during the workday to pray. Scott was bothered by this and repeatedly told

21   Sayad that he couldn't pray at work. Scott also expressed annoyance that Sayad is disabled and

22   sometimes needed assistance from his coworkers. Scott stated to Sayad and others that he would review

23   his employment application to see if Sayad disclosed his disability during the hiring process. Scott also

24   told Sayad's coworkers that Sayad was "on thin ice" and was going to be fired.

25       12.    Sayad thus felt that he was being harassed because of his religious beliefs and

26   observances and also his disability, and complained as much to the Vice President of Pegasus Aviation

27

28

Class Action, Representative, and Individual Complaint
Page 3 of 24

1   Services, Kyle Weber ("Weber"). The matter was addressed and Scott was transferred to a different

2   work location.

3          13.     Sayad's daughter is disabled and Sayad would sometimes need to take time off work to

4   care for her. On October 13, 2020, Sayad was assigned to work from 7:00 p.m. through 3:00 a.m. the

5   following day. An aircraft was delayed in arriving at the airport, past the end of Sayad's scheduled

6   shift. As Sayad's daughter had a doctor's appointment the morning following this workshift, Sayad

7   informed his supervisor, Ron Poulin ("Poulin"), of the same. Poulin replied derisively: "I see[,] a dr

8   appt at 0600 am [--] must be a great doctor" (inferring that he didn't believe there even was an

9   appointment) and threatening that "there may be consequences to this decision". Sayad complained

10  about this interaction to Pegasus Aviation Services' human resources department on October 15, 2020,

11  specifically pointing out that he had a scheduled doctor's appointment for his disabled daughter, and

12  that he felt he was harassed and retaliated against.

13         14.     In or around October 2020, Sayad was injured in an on-the-job accident in which he

14  slipped, fell, and suffered an injury to his lower back. As a result of this injury (which compounded

15  Sayad's back disability), Sayad was unable to perform his job duties; he was assigned to light duty,

16  doing paperwork in the office. This light duty accommodated Sayad's disclosed disability and did not

17  pose an undue burden for Pegasus Aviation Services. Sayad also took a few days of intermittent

18  medical leave as his symptoms flared.

19         15.     In or around April 2020, Sayad learned that Scott was returning to the Stockton location.

20  Sayad spoke with Poulin about this, explaining that Scott previously harassed him about his religious

21  observances and his disability, but that as long as Scott didn't bother him, his return would not be a

22  problem.

23         16.     On April 20, 2021, Sayad was suddenly informed that he was terminated. Weber and

24  Leslie Roy ("Roy") of human resources told Sayad that he was "not fulfilling the requirements of the

25  customers." Neither Weber nor Roy would or could elaborate as to what this meant, or how Sayad had

26  in any way failed to do his job. At the end of the termination meeting, Weber told Sayad that he was

27  eligible for rehire, and "when you get better, call me, I mean it. We'll hire you again." Thus, the stated

28

1  reason for Sayad's termination was pretextual. In reality, Sayad was terminated for taking protected
2  medical leave, because of his disclosed physical disability, his association with another disabled person,
3  for requesting accommodation for his disclosed physical disability, for opposing unlawful
4  discrimination and harassment, and because of his religious belief or observances.

5       17.    On May 3, 2021, Sayad filed a complaint with the California Department of Fair
6  Employment and Housing, and was issued a right-to-sue notice that same day. (**Exhibit 1.**)

7       18.    In addition, Sayad was not paid all wages to which he was entitled under law.

8       19.    At all times during his employment with Pegasus Aviation Services, Sayad was properly
9  classified and paid as a nonexempt, hourly employee. Though he worked and earned overtime, Pegasus
10  Aviation Services failed to pay Sayad's overtime at the appropriate rate of pay, resulting in an
11  underpayment of wages.

12       20.    Sayad earned and was paid nondiscretionary bonuses for good performance. For
13  example, during the pay period of June 21 – July 4, 2020, Sayad earned a nondiscretionary bonus in the
14  amount of $1,200. (**Exhibit 2.**) However, and though Sayad worked overtime during this pay period,
15  Pegasus Aviation Services failed to incorporate the value of this earned nondiscretionary bonus into
16  Sayad's "regular rate of pay" for purposes of calculating and paying overtime wages; instead, it merely
17  took Saad's base hourly rate of $32 and multiplied it by 1.5. (**Exhibit 3.**) Thus, Pegasus Aviation
18  services violated Labor Code section 510.

19       21.    Pegasus Aviation Services also failed to provide paid sick days to its California
20  employees, in accordance with the California Labor Code. Sayad's wage statements did not show any
21  accrued paid sick days or paid time off, and he was not provided with any separate writing showing
22  such. Furthermore, and on information and belief, Pegasus Aviation Services did not provide its
23  California employees with paid sick days or paid time off in accordance with Labor Code section 246.
24  To the extent that it did so, and on information and belief, Pegasus Aviation Services did not provide its
25  California employees with paid sick days or paid time off at the appropriate "regular rate of pay",
26  accounting for the value of earned nondiscretionary bonuses and other items of compensation. Thus,
27  Pegasus Aviation Services violated Labor Code sections 233 and 246.

28

22.    Because Sayad was not paid overtime at the appropriate rate, *supra,* the itemized wage statements furnished to him failed to accurately show the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code section 226, subdivisions (a)(1), (5), and (9), respectively.

23.    Furthermore, Sayad was denied rest and meal periods to which he was entitled. Sayad was *never* relieved of all duty and authorized and permitted to take an uninterrupted, ten-minute rest period. Further, and while Sayad typically received meal periods, they were not authorized and permitted until Sayad had already worked six hours or more. Sayad was not paid an hour of pay at his regular rate of compensation for every rest and meal period not provided. Additionally, and when Sayad was paid rest and/or meal premiums, they were paid only at his base, hourly rate, not accounting for the value of earned nondiscretionary bonuses and other items of compensation. Thus, Pegasus Aviation Services violated Labor Code sections 226.7 and 512.

24.    Last, Pegasus Aviation Services, LLC failed to maintain compete and accurate payroll records, as required by the Labor Code. On May 18, 2021, and following written request by Sayad's attorneys, Pegasus Aviation Services produced a copy of Sayad's "Employee Earnings Reports"— computerized summaries of Sayad's earnings. (**Exhibit 4.**) However, each of these reports fail to show the inclusive dates of the pay period for which Sayad was paid, the address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, in violation of Labor Code section 226, subdivisions (a)(6), (8), and (9), respectively. By failing to keep on file either copies of Sayad's wage statements or a computer-generated record, accurately showing all information required by Labor Code section 226, subdivision (a), Pegasus Aviation Services committed a further violation of that statute.

25.    Sayad's employment with Pegasus Aviation Services ended on or around April 20, 2021. However, at no point has he been paid the full balance of unpaid overtime wages, accrued paid sick time, and premium payments for rest/meal period violations, *supra.* Accordingly, Pegasus Aviation Services violated Labor Code sections 201 and 202.

26.     On May 18, 2021, Sayad provided written notice to the Labor and Workforce Development Agency ("LWDA") and Pegasus Aviation Services, regarding the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support those alleged violations. (**Exhibit 5.**)

27.     The foregoing list of misconduct is a partial list only and set forth by way of example.

## CLASS ACTION ALLEGATIONS

28.     Sayad brings the First, Second, Third, and Fourth Causes of Action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure 382. The classes which Sayad seeks to represent consist of the following:

> a.  All current and former nonexempt California employees of Defendants who were paid premium payments for missed rest breaks and nondiscretionary bonuses and/or other items of compensation during one or more pay periods at any time from four years prior to the filing of this complaint through the entry of final judgment in this action (the "Rest Break Class");
> b.  All current and former nonexempt California employees of Defendants who received nondiscretionary bonuses and/or other items of compensation and received sick pay during one or more pay periods at any time from four years prior to the filing of this complaint through the entry of final judgment in this action (the "Sick Pay Class"); and
> c.  All members of the Rest Break Class and the Sick Pay Class who received one or more wage statements at any time from one year prior to the filing of this complaint through the entry of final judgment in this action (the "Wage Statement Class").

The Rest Break Class, the Sick Pay Class, and the Wage Statement Class are collectively referred to as "the Class."

29.     The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 100 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

30.     This action may be maintained as a class because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

31.     There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': (a) systematic failure to properly pay employees for missed rest breaks; (b) systematic failure to properly pay employees with paid sick leave; and (c) systematic failure to comply with Labor Code section 226(a).

32.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

       a.     Whether Defendants failed to properly calculate and pay their nonexempt California employees with premium payments for missed rest breaks;

       b.     Whether Defendants failed to properly calculate and pay their nonexempt California employees with paid sick leave;

       c.     Whether the wage statements Defendants furnished to their California employees comply with Labor Code section 226;

       d.     Whether the alleged violations of the Labor Code constitute unfair business practices;

       e.     Whether the Class is entitled to injunctive relief; and

       f.     Whether the Class is entitled to unpaid wages, statutory penalties, and/or restitutionary relief, and the amount of the same.

33.     Sayad's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Sayad's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

34.     The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

35.   Sayad will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class.  Sayad are able to fairly and adequately protect the interests of all members of the class because it is in their best interest to prosecute the claims alleged herein in order to obtain the full compensation due themselves and the other class members.

36.   A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

37.   Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

38.   Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

///

///

///

1

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS OR PAY PREMIUMS AT CORRECT RATE**
(Lab. Code, § 226.7)
**By the Rest Break Class Against Defendants**

2

3

4    39.    Plaintiff hereby realleges and incorporates by reference each and every allegation

5    set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

6    allegations of this cause of action.

7    40.    Labor Code section 226.7 requires employers to provide employees rest periods as

8    mandated by Order of the Industrial Welfare Commission. It states:

9    a.    No employer shall require any employee to work during any meal or rest

10          period mandated by an applicable order of the Industrial Welfare

11          Commission.

12   b.    If an employer fails to provide an employee a meal period or rest period in

13          accordance with an applicable order of the Industrial Welfare Commission,

14          the employer shall pay the employee one additional hour of pay at the

15          employee's regular rate of compensation for each work day that the meal or

16          rest period is not provided.

17   41.    Section 11 of the applicable IWC Wage Order provides:

18   "(A) Every employer shall authorize and permit all employees to take rest periods,
     which insofar as practicable shall be in the middle of each work period. Nothing in
19   this provision shall prevent an employer from staggering rest periods to avoid
     interruption in the flow of work and to maintain continuous operations, or from
20   scheduling rest periods to coincide with breaks in the flow of work that occur in the
     course of the workday. The authorized rest period time shall be based on the total
21   hours worked daily at the rate of ten (10) minutes net rest time for every four (4)
     hours worked, or major fraction thereof. Rest periods shall take place at employer
22   designated areas, which may include or be limited to the employees' immediate work
23   area.

24   (B) Rest periods need not be authorized in limited circumstances when the disruption
     of continuous operations would jeopardize the product or process of the work.
25   However, the employer shall make up the missed rest period within the same workday
     or compensate the employee for the missed ten (10) minutes of rest time at his/her
26   regular rate of pay within the same pay period.

27

28

(C) A rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

42.    Per the California Supreme Court, the "regular rate of compensation", for purposes of paying premiums for denied rest breaks, must account for not only hourly wages for also other nondiscretionary payments for work performed by the employee. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 2021 WL 2965438.)

43.    During the relevant time period, Plaintiff and other members of the Rest Break Class were not provided with rest breaks as required by law and did not receive an additional hour of premium pay at the appropriate regular rate of compensation for each missed rest break.

44.    Wherefore, Plaintiff and the Rest Break Class have been injured and request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY SICK LEAVE AT CORRECT RATE
#### (Lab. Code, §§ 218, 233, 246 *et seq.*)
#### By the Sick Pay Class Against Defendants

45.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.    Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

47.    According to the California Supreme Court, sick pay is a form of wages. (*Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.)

48.    Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued

1 | during six months at the employee's then current rate of entitlement, for the reasons specified in

2 | subdivision (a) of Section 246.5."

3 | 49.  During the relevant time period, Defendants intentionally and willfully failed to pay

4 | Plaintiff and other members of the Sick Pay Class sick pay as required by law. Accordingly,

5 | Plaintiff and other members of the Sick Pay Class did not receive the full amount of paid sick time

6 | that they were entitled to receive by law, and were therefore denied the right to use sick leave

7 | within the meaning of Labor Code sections 233(a) and (c).

8 | 50.  Any employer who violates Labor Code section 233 is liable to employees for the

9 | greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys'

10 | fees and costs. (Lab. Code, § 233, subds. (d), (e).)

11 | 51.  Further, Labor Code section 218 authorizes a private right of action to recover unpaid

12 | wages.

13 | 52.  Wherefore, Plaintiff and the Sick Pay Class have been injured as set forth above and

14 | request relief as hereafter provided.

15

### THIRD CAUSE OF ACTION
**FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS**
**(Lab. Code, § 226(a))**
**By the Wage Statement Class Against Defendants**

18 | 53.  Plaintiff hereby realleges and incorporates by reference each and every allegation set

19 | forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

20 | allegations of this cause of action.

21 | 54.  Pursuant to Labor Code section 226(a) "every employer shall, semimonthly or at the

22 | time of each payment of wages, furnish each of his or her employees, either as a detachable part of the

23 | check, draft, or voucher paying the employee's wages, or separately when the wages are paid by

24 | personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)

25 | total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable

26 | piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the

27 | inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

28

1   last four digits of his or her social security number or an employee identification number, (8) the name

2   and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during

3   the pay period and corresponding number of hours worked at each hourly rate by the employee and, if

4   the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each

5   temporary services assignment."

6       55.     An employee suffering injury as a result of the knowing and intentional failure by an

7   employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual

8   damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

9   dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate

10   penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's

11   fees. (Lab. Code, § 226, subd. (e)(1).)

12       56.     An employee is deemed to suffer injury if the employer fails to provide a wage

13   statement or if the employer fails to provide accurate and complete information as required by any one

14   or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and

15   easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee

16   during the pay period or any of the other information required to be provided pursuant to Labor Code

17   section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name

18   and address of the employer and iv) the name of the employee and the last four digits of his or her

19   social security number or employee identification number. (Lab. Code, § 226, subds. (e)(2)(A), (B)(i)-

20   (iv).) "Promptly and easily determine" means a reasonable person would be able to readily ascertain

21   the information without reference to other documents or information. (Lab. Code, § 226, subd.

22   (e)(2)(C).)

23       57.     As set forth above, Defendants intentionally and willfully failed to furnish accurate

24   itemized wage statements which complied with Labor Code section 226.

25       58.     Wherefore, Plaintiff and the other members of the Wage Statement Class have been

26   injured as set forth above and request relief as hereafter provided.

27   ///

28

1

2

3

## FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code, § 17200, *et seq.*)
**By the Rest Break Class and the Sick Pay Class Against Defendants**

4      108.   Plaintiff hereby reallege and incorporate by reference each and every allegation set forth

5   above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of

6   this cause of action.

7      109.   The statutory violations, as alleged above, are unfair business practices within the

8   meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and

9   include, but are not limited to, failing to properly pay overtime wages, impermissible taking of

10  gratuities or tips, and failure to provide compliant rest and meal periods.

11      110.   Wherefore, Plaintiff and the other members of the Rest Break Class and the Sick Pay

12  Class have been injured as set forth above and request relief as hereafter provided.

13

14

15

## FIFTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT
(Lab. Code, § 2698 *et seq.*)
**By Plaintiff Against Defendants**

16      115.   Plaintiff hereby realleges and incorporates by reference each and every allegation

17  set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

18  allegations of this cause of action.

19      116.   Pursuant to Labor Code section 2699, subdivision (a), any provision of the Labor

20  Code which provides for a civil penalty to be assessed and collected by the LWDA for violations

21  of the Labor Code may, as an alternative, be recovered through a civil action brought by an

22  aggrieved employee on behalf of himself or herself and other current or former employees pursuant

23  to the procedures outlined in Labor Code section 2699.3.

24      117.   Plaintiff was employed by Defendants and the alleged violations were committed

25  against him during his time of employment.  Plaintiff is therefore an aggrieved employee as

26  defined by Labor Code section 2699, subdivision (c).  Other current and former employees are also

27

28

1 | aggrieved employees in that one or more of the alleged violations were also committed against

2 | them during their time of employment with Defendants.

3 |      118.    Pursuant to Labor Code section 2699, subdivision (f), the civil penalty recoverable

4 | in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is

5 | specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for

6 | the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

7 | each subsequent violation.

8 |      119.    Pursuant to California Labor Code section 2699, subdivision (g), an aggrieved

9 | employee may recover the civil penalty on behalf of himself or herself and other current or former

10 | employees against whom one or more of the alleged violations was committed.  Furthermore, any

11 | employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees

12 | and costs.

13 |      120.    Wherefore, Plaintiff and other employees (current and former) have been aggrieved

14 | as set forth above and request relief as hereafter provided.

### SIXTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION
#### (Gov. Code, § 12940, subd. (a))
### By Plaintiff Against Defendants

18 |      59.    Plaintiff hereby realleges and incorporates by reference each paragraph above as

19 | though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this

20 | cause of action.

21 |      60.    The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer

22 | from refusing to hire or employ a person, discharging a person from employment, or discriminating

23 | against such person in compensation or in terms, conditions or privileges of employment on the

24 | basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability,

25 | medical condition, marital status, sex, age or sexual orientation.  (Gov. Code, § 12940, subd. (a).)

26 | "Race, religious creed, color, national origin, ancestry, physical disability, mental disability,

27 | medical condition, marital status, sex, age, or sexual orientation" includes a perception that the

28 |

person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics. (Gov. Code, § 12926, subd. (n).)

61.    At all times relevant herein mentioned, Plaintiff was qualified for the position he held with Defendants.

62.    Defendants were at all times material herein Plaintiff's employer pursuant to Government Code section 12926, subdivision (d) and were therefore barred from discriminating in its employment decisions in violation of Government Code section 12940, subdivision (a).

63.    Nevertheless, as set forth above, Defendants discriminated against Plaintiff based on the basis of disability, in violation of Government Code section 12940, subdivision (a).

64.    Defendants' actions towards Plaintiff were committed by them, their officers, directors, and/or managing agents, and/or employees in an oppressive, fraudulent, and malicious manner, and ratified by them, in order to injure or damage Plaintiff, thereby justifying an award of punitive damages.

65.    Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

## SEVENTH CAUSE OF ACTION
### RETALIATION FOR OPPOSING DISCRIMINATION AND HARASSMENT
(Gov. Code, § 12940, subd. (h))
**By Plaintiff Against Defendants**

66.    Plaintiff hereby realleges and incorporates by reference each paragraph above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

67.    The FEHA explicitly prohibits an employer from retaliating against an employee because the employee has opposed any practices forbidden by the FEHA or because the employee has filed a complaint, testified or assisted in any proceeding under the FEHA. (Gov. Code, § 12940, subd. (h).)

68.    Nevertheless, as set forth above, Defendants retaliated against Plaintiff in violation of Government Code section 12940, subdivision (h).

Class Action, Representative, and Individual Complaint
Page 16 of 24

69.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Plaintiff, thereby justifying an award of punitive damages.

70.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

### EIGHTH CAUSE OF ACTION
### RETALIATION FOR TAKING PROTECTED MEDICAL LEAVE
### (Gov. Code, § 12945.2)
### By Plaintiff Against Defendants

71.     Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

72.     The California Family Rights Act ("CFRA") is part of the FEHA and explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has taken protected medical leave. (Gov. Code, § 12945.2.)

73.     Nevertheless, as set forth above, Defendants discriminated against Plaintiff for taking leave pursuant to the CFRA.

74.     Defendants' actions towards Plaintiff were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Plaintiff, thereby justifying an award of punitive damages.

75.     Wherefore, Plaintiff requests relief as hereafter provided.

### NINTH CAUSE OF ACTION
### RETALIATION FOR REQUESTING ACCOMMODATION FOR DISABILITY
### (Gov. Code, § 12940, subd. (m)(2))
### By Plaintiff Against Defendants

76.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

77.     The FEHA explicitly prohibits an employer from retaliating or otherwise discriminating against a person for requesting accommodation for a disability, regardless of whether the request was granted.  (Gov. Code, § 12940, subd. (m)(2).)

78.     Nevertheless, as set forth above, Defendants unlawfully retaliated against Plaintiff for requesting accommodation, in violation of the FEHA.

79.     As a result of Defendant's conduct, Plaintiff has suffered damages.

80.     Wherefore, Plaintiff seeks damages as set forth below.

### TENTH CAUSE OF ACTION
### RELIGIOUS CREED DISCRIMINATION – FAILURE TO ACCOMMODATE
### (Gov. Code, § 12940, subd. (a))
### By Plaintiff Against Defendants

81.     Plaintiff hereby realleges and incorporates by reference each paragraph above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

82.     The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation.  (Gov. Code, § 12940, subd. (a).) "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation" includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics.  (Gov. Code, § 12926, subd. (n).)

83.     The FEHA further requires an employer to make reasonable accommodation for a person's religious belief or observance without undue hardship. (Gov. Code, § 12926, subd. (l).)

84.     At all times relevant herein mentioned, Plaintiff was qualified for the position he held with Defendants.

85.     Defendants were at all times material herein Plaintiff's employer pursuant to Government Code section 12926, subdivision (d) and were therefore barred from discriminating in its employment decisions in violation of Government Code section 12940, subdivision (a).

86.     Nevertheless, as set forth above, Defendants discriminated against Plaintiff based on the basis of religious belief or observance, in violation of Government Code section 12940, subdivision (a).

87.     Defendants' actions towards Plaintiff were committed by them, their officers, directors, and/or managing agents, and/or employees in an oppressive, fraudulent, and malicious manner, and ratified by them, in order to injure or damage Plaintiff, thereby justifying an award of punitive damages.

88.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

## ELEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### (Gov. Code, § 12940, subd. (k))
### By Plaintiff Against Defendants

89.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

90.     FEHA requires an employer to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  (Gov. Code, § 12940, subd. (k).)

91.     Nevertheless, as set forth above, Defendants failed to prevent discrimination and retaliation against Plaintiff.

92.     As a result of Defendants' conduct, Plaintiff has suffered damages.

93.     Defendants' actions towards Plaintiff were committed by them, their officers, directors, and/or managing agents, and/or employees in an oppressive, fraudulent, and malicious manner, and ratified by them, in order to injure or damage Plaintiff, thereby justifying an award of punitive damages.

1    94.    Wherefore, Plaintiff has been injured as set forth above and requests relief as

2  hereafter provided.

3                        **TWELFTH CAUSE OF ACTION**
                **FAILURE TO PAY OVERTIME AT CORRECT RATE**
4                        **(Labor Code §§ 510 and 1198)**
                        **By Plaintiff Against Defendants**
5

6    95.    Plaintiff hereby realleges and incorporates by reference each and every allegation set

7  forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

8  allegations of this cause of action.

9    96.    Pursuant to California Labor Code section 510, any work in excess of eight hours in

10  one workday and any work in excess of 40 hours in any one workweek and the first eight hours

11  worked on the seventh day of work in any one workweek shall be compensated at the rate of no

12  less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12

13  hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

14  employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall

15  be compensated at the rate of no less than twice the regular rate of pay of an employee.

16    97.    Pursuant to California Labor Code section 1198, the maximum hours of work and

17  standard conditions of labor fixed by the commission shall be the maximum hours of work and the

18  standard conditions of labor for employees and the employment of any employee for longer hours

19  than those fixed by the commission or under conditions of labor prohibited by the order is

20  unlawful.

21    98.    The "regular rate of pay" includes all remuneration for employment paid to the

22  employee and includes, but is not limited to, hourly earnings, salary, piece work earnings,

23  commissions, non-discretionary bonuses, and the value of meals and lodging.  See DLSE

24  Enforcement Policies and Interpretations Manual Section 49.

25    99.    During the relevant time period, Plaintiff regularly worked overtime.

26    100.    During the relevant time period, Defendants intentionally and willfully failed to pay the

27  proper overtime wages due to Plaintiff.

28

Class Action, Representative, and Individual Complaint
Page 20 of 24

101.   Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

### THIRTEENTH CAUSE OF ACTION
**FAILURE TO PROVIDE MEAL PERIODS OR PAY PREMIUMS AT CORRECT RATE**
**(Lab. Code, §§ 226.7, 512)**
**By Plaintiff Against Defendants**

102.   Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

103.   Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission.  It states:

    a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

104.   Labor Code section 512(a) and the applicable wage order provide that an employer may not employ a person for a work period of more than five hours per day without providing that employee a meal period of not less than thirty minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than ten hours per day without providing an employee with a second meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than twelve hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

105.    During the relevant time period, Plaintiff was not provided with meal breaks as required by law and did not receive an additional hour of premium pay for each missed meal period.

106.    Wherefore, Plaintiff has been injured and requests relief as hereinafter provided.

### FOURTEENTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT
#### (Lab. Code, § 201, *et seq.*)
#### By Plaintiff Against Defendants

107.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

108.    Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

109.    Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

110.    As set forth above, Plaintiff was not timely paid all earned but unpaid wages when her employment with Defendants ended.

111.    Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First, Second, Third, and Fourth Causes of Action:**

1.    That this Court certify the Class;

2.    That this Court appoint Plaintiff as the representative of the Class;

3.    That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.    That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Sayad and the members of the Class, including but not limited to the remedies provided for under Labor Code section 233, subdivision (d);

5.    That this Court award injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

6.    That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code §§ 226(e) and 226.7 to Plaintiff and the members of the Class;

7.    That this Court award statutory attorneys' fees and costs, including those available under Labor Code §§ 218.5, 226(e)(1), 233(e), 1194, and 2699(g), as well as Code of Civil Procedure § 1021.5;

8.    That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.    That this Court award such other and further relief as the court deems just and proper.

**As to the Fifth Cause of Action:**

1.    For civil penalties, including but not limited to those available under Labor Code sections 226.3, 558, and 2699(f);

2.    For injunctive relief;

3.    For statutory attorneys' fees and costs, including but not limited to those available under Labor Code section 2699(g);

4.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b); and

5.    For such other and further relief as the court deems just and proper.

**As to the Sixth through Eleventh Causes of Action:**

1.    For compensatory damages, both general and special;

2.    For punitive damages;

1     3.     For injunctive relief;

2     4.     For statutory attorneys' fees and costs, including those available under Government

3           Code section 12965(b) and Code of Civil Procedure section 1021.5;

4     5.     For prejudgment and post-judgment interest according to any applicable provision

5           of law or as otherwise permitted by law, including those available under Civil Code

6           sections 3287(a) and 3289(b); and

7     6.     For such other and further relief as the court deems just and proper.

8     **As to the Twelfth, Thirteenth, and Fourteenth Causes of Action:**

9     1.     That this Court award injunctive relief, including that available under Labor Code

10          sections 226(h) and 248.5(e);

11     2.     That this Court award unpaid wages;

12     3.     That this Court award penalties including, but not limited to, those available under

13          Labor Code section 203 and 226;

14     4.     That this Court award statutory attorneys' fees and costs, including those available

15          under Labor Code section 226, subdivisions (e)(1) and (h), as well as those available

16          under Code of Civil Procedure section 1021.5;

17     5.     That this Court award prejudgment and post-judgment interest according to any

18          applicable provision of law or as otherwise permitted by law; and

19     6.     That this Court award such other and further relief as the court deems just and proper.

20     ///

21     **DATED:**  July 22, 2021                **MAYALL HURLEY P.C.**

22                          By _____

23

24                             JOHN P. BRISCOE
                               Attorneys for Plaintiff
                               RAOOF ABDUL SAYAD

25

26

27

28

EXHIBIT 1

# Exhibit 1



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 3, 2021

John Briscoe
2453 Grand Canal Blvd.
Stockton, California 95207

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202104-13389528
       Right to Sue: Sayad / Pegasus Aviation Services, LLC

Dear John Briscoe:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 3, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13389528
      Right to Sue: Sayad / Pegasus Aviation Services, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 3, 2021

Raoof Sayad
8335 N. El Dorado St.
Stockton, California 95210

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202104-13389528
        Right to Sue: Sayad / Pegasus Aviation Services, LLC

Dear Raoof Sayad:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective May 3, 2021 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Raoof Sayad                                          DFEH No. 202104-13389528

Complainant,

vs.

Pegasus Aviation Services, LLC
3901 Old International Airport Rd.
Anchorage, Alaska 99502

Respondents

---

**1. Respondent Pegasus Aviation Services, LLC is an employer Pegasus Aviation Services, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2. Complainant Raoof Sayad**, resides in the City of **Stockton**, State of **California.**

**3. Complainant alleges that on or about April 20, 2021, respondent took the following adverse actions:**

**Complainant was harassed** because of complainant's religious creed - includes dress and grooming practices, disability (physical or mental).

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, disability (physical or mental), medical condition (cancer or genetic characteristic), association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination

-1-

Date Filed: May 3, 2021

1    or harassment complaint, requested or used family care or medical leave (cfra) and as a
     result was terminated, laid off, denied reasonable accommodation for a disability, other,
2    denied work opportunities or assignments, denied or forced to transfer, denied family care or
     medical leave (cfra).

3

4    **Additional Complaint Details:** Complainant was hired by Respondent on or around June 2,
     2018 as an Aircraft Maintenance Technician. At all times during his employment,
5    Complainant's employment was at the Stockton Airport in Stockton, California. At all times
     during his employment, Complainant performed his job duties with dedication and
6    distinction, and never received any writeups or other discipline in connection with his job
     performance. Complainant is a military veteran, and has knee and back disabilities in
7    connection with his prior military service. These disabilities sometimes limited Complainant's
     ability to perform every aspect of his job duties, but he was generally accommodated by his
8    coworkers. Shortly after his employment began, Complainant was subjected to harassment
     from a coworker, Scott (last name unknown). Complainant is a practicing Muslim and he
9    was provided the accommodation of being allowed short breaks during the workday to pray.
10   Scott was bothered by this and repeatedly told Complainant that he couldn't pray at work.
     Scott also expressed annoyance that Complainant was disabled and sometimes needed
11   assistance from his coworkers. He stated to Complainant and others that he would review
     his employment application to see if Complainant disclosed his disability during the hiring
12   process. Scott told Complainant's coworkers that Complainant was "on thin ice" and was
     going to be fired. Complainant felt that he was being targeted because of his religious
13   beliefs and practices and also his disability, and complained as much to the Vice President
     of Respondent, Kyle Weber. The matter was addressed and Scott was subsequently
14   transferred to a different work location. Additionally, Complainant's daughter is disabled and
     Complainant would sometimes need to take time off work to care for her. On October 13,
15   2020, Complainant was assigned to work from 7:00 p.m. through 3:00 a.m. the following
16   day. An aircraft was delayed in arriving, past the end of Complainant's scheduled shift.
     Complainant's daughter had a doctor's appointment scheduled for later that morning.
17   Complainant informed his supervisor, Ron Poulin, that due to this doctor's appointment he
     would be unable to work past the end of his scheduled shift. Mr. Poulin replied derisively,
18   texting "I see a dr appt at 0600 am must be a great doctor" (inferring that he did not believe
     Complainant) and threatening that "there may be consequences to that decision."
19   Complainant complained about this to Human Resources on October 15, 2020, specifically
     pointing out that he had a scheduled doctor's appointment for his disabled daughter, and
20   that he felt he was harassed and retaliated against. In or around October 2020, Complainant
     was injured in an on-the-job accident in which he slipped, fell, and suffered an injury to his
21   lower back. As a result of this injury (which compounded Complainant's back disability),
     Complainant was unable to perform his normal job duties; he was assigned to light duty,
22   doing paperwork in the office. This light duty accommodated Complainant's disclosed
     disability and it did not pose an undue burden for Respondent. Complainant also took a few
23   days of intermittent medical leave as his symptoms flared. In or around early April 2020,
24   Complainant learned that Scott was returning to the Stockton location. Complainant spoke
     with Mr. Poulin about this, explaining that Scott previously harassed Complainant about his
25   praying and disability, but that as long as Scott didn't bother him, his return would not be a
     problem. On April 20, 2021, Complainant was informed that he was terminated. Mr. Weber

26

27                                                    -2-
                                 *Complaint – DFEH No. 202104-13389528*

28   Date Filed: May 3, 2021

1  and Leslie Roy of Human Resources told Complainant that he was "not fulfilling the
   requirements of the customers." Neither Mr. Weber or Ms. Roy would elaborate as to what
2  this meant, or how Complainant had in any way failed to do his job. At the end of the
   termination meeting, Mr. Weber told Complainant that he was eligible for rehire, and "when
3  you get better, call me, I mean it. We'll hire you again." Thus, the stated reason for
   Complainant's termination was pretextual. The foregoing list of misconduct is a partial list
4  only, and set forth by way of example. Respondent failed to prevent the foregoing.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
*Complaint -- DFEH No. 202104-13389528*

Date Filed: May 3, 2021

1  VERIFICATION

2  I, **John P Briscoe**, am the **Attorney** in the above-entitled complaint.  I have read the

3  foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4

On May 3, 2021, I declare under penalty of perjury under the laws of the State of

5  California that the foregoing is true and correct.

6                                                                                      **Stockton, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                           -4-
                                        *Complaint – DFEH No. 202104-13389528*

28  Date Filed: May 3, 2021

EXHIBIT 2

# Exhibit 2

## Pegasus Aviation Services, LLC

2553 Dulles View Dr, Suite 700

HERNDON, VA. 20171

(571) 323-5200

Page: 11 of 56

Type:   Regular

## Employee Pay Checks From May 1, 2020 To Apr 22, 2021

| Pay Date: Jul 10, 2020 | Check/Advice #: 3009805 |
|---|---|

| Control Number | Employee | Pay Period Start Date | Pay Period End Date | Advice Number |
|---|---|---|---|---|
| AK012225 | SAYAD, RAOOF A. | Jun 21, 2020 | Jul 4, 2020 | 3009805 |

| Earnings | Hours | Amount | Year to Date |
|---|---|---|---|
| V - Spot Bonus/Recognition Awa | 0.00 | 1200.00 | 2400.00 |
| V - Regular | 0.00 | 0.00 | 35584.00 |
| V - Overtime | 0.00 | 0.00 | 1080.00 |
| Doubletime | 0.00 | 0.00 | 256.00 |
| V - Life Group Term Excess | 0.00 | 0.00 | 8.82 |

| Deduction | Amount | Year to Date |
|---|---|---|
| HSA Emp & Family | 0.00 | 0.00 |
| Medical Spousal Surcharge | 0.00 | 646.10 |
| V - 401(K) | 144.00 | 4719.52 |
| V - Dental Family | 0.00 | 682.78 |
| V Life Group Term - Excess Lif | 0.00 | 8.82 |
| V - Medical Emp + Family | 0.00 | 2762.62 |
| V - Vision Employee + Family | 0.00 | 150.64 |

| | Gross | Fed. Tax | Soc. Sec. | Medicare | AEIC | State Tax | Other Tax | Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | 1200.00 | 11.37 | 74.40 | 17.40 | 0.00 | 16.71 | 12.00 | 144.00 | 924.12 |
| Year to Date | 39328.82 | 1728.78 | 2175.34 | 508.80 | 0.00 | 1138.49 | 350.87 | 8970.48 | 24456.06 |

| Direct Deposit | | | | |
|---|---|---|---|---|
| Routing Number | Bank Name | Account Number | Account Type | Account Amount |
| | USAA Federal Savings Bank | | Checking | 924.12 |

| Earnings | Hours | Hourly Rate | Additional Amount |
|---|---|---|---|
| V - Spot Bonus/Recognition Awa | 0.00 | 32.0000 | 0.00 |

EXHIBIT 3

# Exhibit 3

## Pegasus Aviation Services, LLC

2553 Dulles View Dr, Suite 700

HERNDON, VA. 20171

(571) 323-5200

Page: 13 of 56

Type:   Regular

### Employee Pay Checks From May 1, 2020 To Apr 22, 2021

| Pay Date: Jul 10, 2020 | Check/Advice #: 3009785 |
|---|---|

| Control Number | Employee | Pay Period Start Date | Pay Period End Date | Advice Number |
|---|---|---|---|---|
| AK012225 | SAYAD, RAOOF A. | Jun 21, 2020 | Jul 4, 2020 | 3009785 |

| Earnings | Hours | Amount | Year to Date |
|---|---|---|---|
| V - Regular | 72.00 | 2304.00 | 35584.00 |
| V - Overtime | 8.00 | 384.00 | 1080.00 |
| V - Life Group Term Excess | 0.00 | 0.63 | 8.82 |
| V - Spot Bonus/Recognition Awa | 0.00 | 0.00 | 2400.00 |
| Doubletime | 0.00 | 0.00 | 256.00 |

| Deduction | Amount | Year to Date |
|---|---|---|
| HSA Emp & Family | 0.00 | 0.00 |
| Medical Spousal Surcharge | 46.15 | 646.10 |
| V - 401(K) | 322.64 | 4719.52 |
| V - Dental Family | 48.77 | 682.78 |
| V Life Group Term - Excess Lif | 0.63 | 8.82 |
| V - Medical Emp + Family | 197.33 | 2762.62 |
| V - Vision Employee + Family | 10.76 | 150.64 |

| | Gross | Fed. Tax | Soc. Sec. | Medicare | AEIC | State Tax | Other Tax | Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | 2688.63 | 119.29 | 147.91 | 34.59 | 0.00 | 76.82 | 23.86 | 626.28 | 1659.88 |
| Year to Date | 39328.82 | 1728.78 | 2175.34 | 508.80 | 0.00 | 1138.49 | 350.87 | 8970.48 | 24456.06 |

| Direct Deposit | | | | |
|---|---|---|---|---|
| Routing Number | Bank Name | Account Number | Account Type | Account Amount |
| | USAA Federal Savings Bank | | Checking | 1659.88 |

| Earnings | Hours | Hourly Rate | Additional Amount |
|---|---|---|---|
| V - Overtime | 8.00 | 48.0000 | 0.00 |
| V - Regular | 72.00 | 32.0000 | 0.00 |

EXHIBIT 4

# Exhibit 4

## Pegasus Aviation Services, LLC
## Employee Earnings Report
Check Detail
Pay Cycle: PEG1 (From: 02/01/17 To: 05/07/21)

| | | | | |
|---|---|---|---|---|
| Home Organization: 208.231.306.02 | | Paycheck Type: | R | Voided: No |
| Employee Name: SAYAD, RAOOF A | | Check Number: 3009785 | | Ref Check Number: |
| Employee: AK012225 | | Check Date: 07/10/20 | | Ref Check Date: |

| | | | |
|---|---|---|---|
| Hours: | 80.00 | Medicare Exempt PT: | 0.00 SUTA State: CA |
| Labor Amount: | 2,688.63 | Medicare Exempt Ded: | 303.01 SUTA Exempt PT: 0.00 |
| Earnings Amount: | 2,688.63 | Medicare Taxable: | 2,385.62 SUTA Exempt Ded: 257.49 |
| Reimbursements: | 0.00 | Medicare Withholding: | 34.59 SUTA Subject Wage: 2,431.14 |
| Gross Pay: | 2,688.63 | Addtl Medicare Taxable: | 0.00 SUTA Excess Wage: 2,431.14 |
| | | Addtl Mdcr Withholding: | 0.00 SUTA Taxable: 0.00 |
| Federal Exempt PT: | 0.00 | Medicare Accrued: | 34.59 SUTA Accrued: 0.00 |
| Federal Exempt Ded: | 625.65 | | |
| Federal Taxable: | 2,062.98 | Soc Sec Exempt PT: | 0.00 Deductions: 626.28 |
| Federal Withholding: | 119.29 | Soc Sec Exempt Ded: | 303.01 Contributions: 910.52 |
| | | Soc Sec Taxable: | 2,385.62 |
| FUTA Exempt PT: | 0.00 | Soc Sec Withholding: | 147.91 Work Comp Hours: 80.00 |
| FUTA Exempt Ded: | 257.49 | Soc Sec Accrued: | 147.91 Work Comp Labor: 2,688.00 |
| FUTA Subject Wage: | 2,431.14 | | Work Comp Earnings: 2,560.00 |
| FUTA Taxable: | 0.00 | State Withholding: | 76.82 |
| FUTA Accrued: | 0.00 | Local Withholding: | 23.86 NET PAY: 1,659.88 |

| Pay Type/Wrk Cmp | Code | State | Hours | Labor Amount | Earnings Amount |
|---|---|---|---|---|---|
| Pay Type | VLG | | 0.00 | 0.63 | 0.63 |
| Pay Type | VO | | 8.00 | 384.00 | 384.00 |
| Pay Type | VR | | 72.00 | 2,304.00 | 2,304.00 |
| Workers' Comp | 7428 | CA | 80.00 | 2,688.00 | 2,560.00 |

| Ded/Cont | Code | Amount |
|---|---|---|
| Deduction | HSAEF | 0.00 |
| Deduction | SPSUR | 46.15 |
| Deduction | V401K | 322.64 |
| Deduction | VDEF | 48.77 |
| Deduction | VLGTL | 0.63 |
| Deduction | VMEF | 197.33 |
| Deduction | VVISEF | 10.76 |
| Contribution | HSAEF | 250.00 |
| Contribution | VADD | 0.47 |
| Contribution | VDEF | 20.79 |
| Contribution | VLIFE | 1.89 |
| Contribution | VLTD | 5.40 |
| Contribution | VMEF | 622.05 |
| Contribution | VSTD | 9.92 |

| Withholding Type | Code | Exempt Pay Types | Exempt Deductions | Taxable Wages | Withholding | Accrued Expenses |
|---|---|---|---|---|---|---|
| State Tax | CA | 0.00 | 625.65 | 2,062.98 | 76.82 | |
| Local Tax | CADI | 0.00 | 303.01 | 2,385.62 | 23.86 | |

EXHIBIT 5

# Exhibit 5

LAW OFFICES

# MAYALL HURLEY

◆

A PROFESSIONAL CORPORATION

SOUTHERN CALIFORNIA OFFICE

450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91203
(818) 646-6440

MAILING ADDRESS:
2453 GRAND CANAL BLVD.
STOCKTON, CALIFORNIA 95207

2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207-8253
FAX (209) 473-8253
TELEPHONE (209) 477-3833
WWW.MAYALLAW.COM

VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM III
NICHOLAS F. SCARDIGLI
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
JOHN P. BRISCOE
VLADIMIR J. KOZINA
RACHAEL ALLGAIER

OF COUNSEL
J. ANTHONY ABBOTT

May 18, 2021

**SUBMITTED ELECTRONICALLY**

Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, California 94612

**SENT VIA CERTIFIED MAIL**

Pegasus Aviation Services, LLC
3901 Old International Airport Rd.
Anchorage, AK 99502

   Re: Raoof Abdul Sayad

To whom it may concern:

  This firm represents Raoof Abdul Sayad ("Sayad") in connection with his former employment with Pegasus Aviation Services, LLC. In accordance with California Labor Code section 2699.3, this letter shall serve as Sayad's written notice to the Labor and Workforce Development Agency ("LWDA") and Pegasus Aviation Services, LLC regarding the following violations, and facts and theories supporting those violations, on Sayad's behalf and, as a proxy for the LWDA, on behalf of current and other former California employees of Pegasus Aviation Services, LLC.

  Sayad was hired by Pegasus Aviation Services, LLC as an Aircraft Maintenance Technician to work at the Stockton Airport in Stockton, California. At all times relevant herein, Sayad was properly classified and paid as a nonexempt, hourly employee.

  Though Sayad worked and earned overtime, Pegasus Aviation Services, LLC failed to pay his accrued overtime at the appropriate rate of pay, resulting in an underpayment of wages. Sayad earned and was paid nondiscretionary bonuses for good performance. For example, during the pay period of June 21 – July 4, 2020, Sayad earned a nondiscretionary bonus in the amount of $1,200. (**Exhibit A.**) However, and though Sayad worked overtime during this pay period, Pegasus Aviation Services, LLC failed to incorporate the value of this earned nondiscretionary bonus into Sayad's "regular rate of pay" for purposes of calculating and paying overtime wages;

Labor and Workforce Development Agency
Pegasus Aviation Services, LLC
Re: Raoof Abdul Sayad
May 18, 2021
Page 2 of 3

instead, it merely took Sayad's base hourly rate of $32 and multiplied it by 1.5. (**Exhibit B.**) Accordingly, Pegasus Aviation Services, LLC violated Labor Code section 510.

Pegasus Aviation Services, LLC also failed to provide paid sick days to its California employees, in accordance with the Labor Code. Sayad's wage statements did not show any accrued paid sick days or paid time off, and he was not provided with any separate writing showing such. Thus, Pegasus Aviation Services, LLC violated Labor Code section 246(i). On information and belief, Pegasus Aviation Services, LLC did not provide its California employees with paid sick days or paid time off in accordance with Labor Code section 246. To the extent that it did, and on information and belief, Pegasus Aviation Services, LLC did not provide its California employees with paid sick days or paid time off at the appropriate "regular rate of pay", accounting for the value of earned nondiscretionary bonuses and other items of compensation, in violation of Labor Code sections 233 and 246.

Because Sayad was not paid overtime at the appropriate rate, *supra,* the itemized wage statements issued to him failed to accurately show the gross wages earned, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, in violation of Labor Code section 226, subdivisions (a)(1), (5), and (9), respectively.

Additionally, Sayad was denied rest and meal periods to which he was entitled. Sayad was *never* relieved of all duty and authorized and permitted to take an uninterrupted, ten-minute rest period. Further, and while he typically received meal periods, they were not authorized and permitted until Sayad had already worked six hours or more. Sayad was not paid an hour of pay at his regular rate of compensation for every rest and meal period not provided. Accordingly, Pegasus Aviation Services, LLC violated Labor Code sections 226.7 and 512.

Last, Pegasus Aviation Services, LLC failed to maintain complete and accurate payroll records, as required by the Labor Code. On May 18, 2021, and following request by the undersigned, Pegasus Aviation Services, LLC produced a copy of Sayad's "Employee Earnings Reports"—computerized summaries of Sayad's earnings. (**Exhibit C.**) However, each of these reports fail to show the inclusive dates of the pay period for which Sayad was paid, the address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, in violation of Labor Code section 226, subdivisions (a)(6), (8), and (9), respectively. By failing to keep on file either copies of Sayad's wage statements or a computer-generated record, accurately showing all information required by Labor Code section 226, subdivision (a), Pegasus Aviation Services, LLC committed a further violation of section 226(a).

Sayad's employment with Pegasus Aviation Services, LLC ended on or around April 20, 2021. However, at no point has Sayad been paid the full balance of unpaid overtime wages, accrued paid sick time, and premium payments for rest/meal break violations, *supra.* Accordingly, Pegasus Aviation Services, LLC violated Labor Code sections 201 and 202.

Labor and Workforce Development Agency
Pegasus Aviation Services, LLC
Re: Raoof Abdul Sayad
May 18, 2021
Page 3 of 3

      The foregoing violations, and each of them, were committed as against other employees of Pegasus Aviation Services, LLC in California, and within the last year.

      If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request the additional information, which I will provide to the extent it is available to me or my client.

      If the LWDA does not intend to investigate these violations, Sayad intends to file a civil complaint against Pegasus Aviation Services, LLC pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor Code, § 2698 *et seq.*), on his behalf and, as a proxy for the LWDA, on behalf of all aggrieved current and former employees. Thank you for your attention in this matter.

                        Sincerely,

                        MAYALL HURLEY P.C.

                        By_____

                        JOHN P. BRISCOE

Enclosures
CC: Heather Hearne (email)

EXHIBIT A

# Exhibit A

**Pegasus Aviation Services, LLC**

2553 Dulles View Dr, Suite 700

HERNDON, VA. 20171

(571) 323-5200

Page: 11 of 56

Type:   Regular

## Employee Pay Checks From May 1, 2020 To Apr 22, 2021

| Pay Date: Jul 10, 2020 | Check/Advice #: 3009805 |
|---|---|

| Control Number | Employee | Pay Period Start Date | Pay Period End Date | Advice Number |
|---|---|---|---|---|
| AK012225 | SAYAD, RAOOF A. | Jun 21, 2020 | Jul 4, 2020 | 3009805 |

| Earnings | Hours | Amount | Year to Date |
|---|---|---|---|
| V - Spot Bonus/Recognition Awa | 0.00 | 1200.00 | 2400.00 |
| V - Regular | 0.00 | 0.00 | 35584.00 |
| V - Overtime | 0.00 | 0.00 | 1080.00 |
| Doubletime | 0.00 | 0.00 | 256.00 |
| V - Life Group Term Excess | 0.00 | 0.00 | 8.82 |

| Deduction | Amount | Year to Date |
|---|---|---|
| HSA Emp & Family | 0.00 | 0.00 |
| Medical Spousal Surcharge | 0.00 | 646.10 |
| V - 401(K) | 144.00 | 4719.52 |
| V - Dental Family | 0.00 | 682.78 |
| V Life Group Term - Excess Lif | 0.00 | 8.82 |
| V - Medical Emp + Family | 0.00 | 2762.62 |
| V - Vision Employee + Family | 0.00 | 150.64 |

| | Gross | Fed. Tax | Soc. Sec. | Medicare | AEIC | State Tax | Other Tax | Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | 1200.00 | 11.37 | 74.40 | 17.40 | 0.00 | 16.71 | 12.00 | 144.00 | 924.12 |
| Year to Date | 39328.82 | 1728.78 | 2175.34 | 508.80 | 0.00 | 1138.49 | 350.87 | 8970.48 | 24456.06 |

| Direct Deposit | | | | |
|---|---|---|---|---|
| Routing Number | Bank Name | Account Number | Account Type | Account Amount |
| | USAA Federal Savings Bank | | Checking | 924.12 |

| Earnings | Hours | Hourly Rate | Additional Amount |
|---|---|---|---|
| V - Spot Bonus/Recognition Awa | 0.00 | 32.0000 | 0.00 |

**EXHIBIT B**

# Exhibit B

## Pegasus Aviation Services, LLC

2553 Dulles View Dr, Suite 700

HERNDON, VA. 20171

(571) 323-5200

Page: 13 of 56

Type: Regular

**Employee Pay Checks From May 1, 2020 To Apr 22, 2021**

| Pay Date: Jul 10, 2020 | Check/Advice #: 3009785 |
|---|---|

| Control Number | Employee | Pay Period Start Date | Pay Period End Date | Advice Number |
|---|---|---|---|---|
| AK012225 | SAYAD, RAOOF A. | Jun 21, 2020 | Jul 4, 2020 | 3009785 |

| Earnings | Hours | Amount | Year to Date |
|---|---|---|---|
| V - Regular | 72.00 | 2304.00 | 35584.00 |
| V - Overtime | 8.00 | 384.00 | 1080.00 |
| V - Life Group Term Excess | 0.00 | 0.63 | 8.82 |
| V - Spot Bonus/Recognition Awa | 0.00 | 0.00 | 2400.00 |
| Doubletime | 0.00 | 0.00 | 256.00 |

| Deduction | Amount | Year to Date |
|---|---|---|
| HSA Emp & Family | 0.00 | 0.00 |
| Medical Spousal Surcharge | 46.15 | 646.10 |
| V - 401(K) | 322.64 | 4719.52 |
| V - Dental Family | 48.77 | 682.78 |
| V Life Group Term - Excess Lif | 0.63 | 8.82 |
| V - Medical Emp + Family | 197.33 | 2762.62 |
| V - Vision Employee + Family | 10.76 | 150.64 |

| | Gross | Fed. Tax | Soc. Sec. | Medicare | AEIC | State Tax | Other Tax | Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | 2688.63 | 119.29 | 147.91 | 34.59 | 0.00 | 76.82 | 23.86 | 626.28 | 1659.88 |
| Year to Date | 39328.82 | 1728.78 | 2175.34 | 508.80 | 0.00 | 1138.49 | 350.87 | 8970.48 | 24456.06 |

| Direct Deposit | | | | |
|---|---|---|---|---|
| Routing Number | Bank Name | Account Number | Account Type | Account Amount |
| | USAA Federal Savings Bank | | Checking | 1659.88 |

| Earnings | Hours | Hourly Rate | Additional Amount |
|---|---|---|---|
| V - Overtime | 8.00 | 48.0000 | 0.00 |
| V - Regular | 72.00 | 32.0000 | 0.00 |

EXHIBIT C

# Exhibit C

# Pegasus Aviation Services, LLC
## Employee Earnings Report
Check Detail
Pay Cycle: PEG1 (From: 02/01/17 To: 05/07/21)

| | | | | |
|---|---|---|---|---|
| Home Organization: 208.231.305.02 | | Paycheck Type: R | | Voided: No |
| Employee Name: SAYAD, RAOOF A | | Check Number: 3009785 | | Ref Check Number: |
| Employee: AK012225 | | Check Date: 07/10/20 | | Ref Check Date: |

| | | | |
|---|---|---|---|
| Hours: | 80.00 | Medicare Exempt PT: | 0.00 |
| Labor Amount: | 2,688.63 | Medicare Exempt Ded: | 303.01 |
| Earnings Amount: | 2,688.63 | Medicare Taxable: | 2,385.62 |
| Reimbursements: | 0.00 | Medicare Withholding: | 34.59 |
| Gross Pay: | 2,688.63 | Addtl Medicare Taxable: | 0.00 |
| | | Addtl Mdcr Withholding: | 0.00 |
| Federal Exempt PT: | 0.00 | Medicare Accrued: | 34.59 |
| Federal Exempt Ded: | 625.65 | | |
| Federal Taxable: | 2,062.98 | Soc Sec Exempt PT: | 0.00 |
| Federal Withholding: | 119.29 | Soc Sec Exempt Ded: | 303.01 |
| | | Soc Sec Taxable: | 2,385.62 |
| FUTA Exempt PT: | 0.00 | Soc Sec Withholding: | 147.91 |
| FUTA Exempt Ded: | 257.49 | Soc Sec Accrued: | 147.91 |
| FUTA Subject Wage: | 2,431.14 | State Withholding: | 76.82 |
| FUTA Taxable: | 0.00 | Local Withholding: | 23.86 |
| FUTA Accrued: | 0.00 | | |

| | |
|---|---|
| SUTA State: | CA |
| SUTA Exempt PT: | 0.00 |
| SUTA Exempt Ded: | 257.49 |
| SUTA Subject Wage: | 2,431.14 |
| SUTA Excess Wage: | 2,431.14 |
| SUTA Taxable: | 0.00 |
| SUTA Accrued: | 0.00 |
| Deductions: | 626.28 |
| Contributions: | 910.52 |
| Work Comp Hours: | 80.00 |
| Work Comp Labor: | 2,688.00 |
| Work Comp Earnings: | 2,560.00 |
| NET PAY: | 1,659.88 |

| Pay Type/Wrk Cmp | Code | State | Hours | Labor Amount | Earnings Amount |
|---|---|---|---|---|---|
| Pay Type | VLG | | 0.00 | 0.63 | 0.63 |
| Pay Type | VO | | 8.00 | 384.00 | 384.00 |
| Pay Type | VR | | 72.00 | 2,304.00 | 2,304.00 |
| Workers' Comp | 7428 | CA | 80.00 | 2,688.00 | 2,560.00 |

| Ded/Cont | Code | Amount |
|---|---|---|
| Deduction | HSAEF | 0.00 |
| Deduction | SPSUR | 46.15 |
| Deduction | V401K | 322.64 |
| Deduction | VDEF | 48.77 |
| Deduction | VLGTL | 0.63 |
| Deduction | VMEF | 197.33 |
| Deduction | VVISEF | 10.76 |
| Contribution | HSAEF | 250.00 |
| Contribution | VADD | 0.47 |
| Contribution | VDEF | 20.79 |
| Contribution | VLIFE | 1.89 |
| Contribution | VLTD | 5.40 |
| Contribution | VMEF | 622.05 |
| Contribution | VSTD | 9.92 |

| Withholding Type | Code | Exempt Pay Types | Exempt Deductions | Taxable Wages | Withholding | Accrued Expenses |
|---|---|---|---|---|---|---|
| State Tax | CA | 0.00 | 625.65 | 2,062.98 | 76.82 | |
| Local Tax | CADI | 0.00 | 303.01 | 2,385.62 | 23.86 | |